UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-58-TBR

ALICE PENMAN,                                                                                          PLAINTIFF

v.

CORRECT CARE SOLUTIONS, et al.,                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss filed by Defendant Robert Harris. (R. 47). Plaintiff Ms. Alice Penman has responded (R. 50), and this matter is now ripe for adjudication. For the reasons that follow, the Court DENIES the Defendants' Motion to Dismiss. (R. 47).

BACKGROUND

On April 23, 2018 Ms. Penman filed a Complaint against multiple defendants, including Robert Harris, for events alleged to have taken place on April 25, 2017 inside Kentucky State Penitentiary, which resulted in Inmate Marcus Penman's death. Harris is an officer at Kentucky State Penitentiary. In her initial Complaint, Ms. Penman brought claims against Harris for failure to intervene under 42 U.S.C. § 1983, negligence under Kentucky common law, and intentional infliction of emotional distress under Kentucky common law. The Complaint failed to expressly state that Harris was sued in his individual capacity.

On July 26, 2018 Harris filed a motion to dismiss Ms. Penman's claims against him pursuant to Federal Rules of Civil Procedure 12(b)(6). Harris argued that because the Complaint did not expressly state he was being sued in his individual capacity, he received no notice that Ms.

1

Penman intended to hold him personally liable. On August 15, 2018, instead of responding to Harris's motion to dismiss, Ms. Penman filed her Amended Complaint. In it, she expressly states that she is suing Harris in his individual capacity. The Amended Complaint also adds Harris to a deliberate indifference claim already pending against other defendants.

Harris now moves to dismiss the Amended Complaint. He again argues that Ms. Penman's original Complaint only brought claims against him in his official capacity because it failed to expressly state otherwise. Thus, according to Harris, the individual capacity claims brought against him in the Amended Complaint are new claims and fall outside the applicable statute of limitations. Relying heavily on *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993), Harris argues further that the new individual capacity claims do not relate back to the original Complaint. Ms. Penman responds arguing that her initial Complaint provided Harris with sufficient notice that he was being sued in his individual capacity, and that in any event, the individual capacity claims brought by the Amended Complaint relate back to the original pursuant to Rule 15(c)(1)(B) and 15(c)(1)(C).

STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." "Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). Importantly, "[w]hen considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). Thus, "unless it can be established beyond a doubt that the plaintiff can prove no set of facts

in support of his claim which would entitle him to relief," the motion should be denied. *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989). "However, the Court need not accept as true legal conclusions or unwarranted factual inferences." *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This means that the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* The concept of "plausibility" denotes that a complaint should contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The element of plausibility is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). But where the court is unable to "infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id.* at 1950 (internal quotation marks omitted).

Although generally a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is an "inappropriate vehicle for dismissing a claim based upon the statute of limitations," when "the allegations in the complaint affirmatively show that the claim is time-barred," "dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*,

676 F.3d 542, 547 (6th Cir. 2012) (*citing Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007)).

DISCUSSION

It is undisputed that the applicable statute of limitations is one year[1], and that Ms. Penman's Amended Complaint was filed past that time. Thus, Harris's Motion to Dismiss raises only two issues: First, did Ms. Penman's initial Complaint provide Harris with sufficient notice that he was being sued in his individual capacity? Second, do the individual capacity claims relate back to the original Complaint? Starting with whether the initial Complaint provided Harris with sufficient notice that he was being sued in his individual capacity, the Court will address each issue respectively.

A. The Original Complaint Provided Harris with Sufficient Notice that was Being Sued in His Individual Capacity.

Relying on *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989), Harris argues that Ms. Penman's original complaint only brought claims against him in his official capacity because it failed to expressly state that he was being sued in his individual capacity. However, the Sixth Circuit has "relaxed the holding set forth previously in *Wells*." *Nails v. Riggs*, No. 3:02CV-317-H, 2003 U.S. Dist. LEXIS 18022, at *12 (W.D. Ky. Oct. 8, 2003).

In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the Sixth Circuit, sitting *en banc*, held that a § 1983 complaint only need "afford the defendant fair notice of what the claim is

---

[1] Because 42 U.S.C. § 1983 does not contain its own statute of limitations, actions brought under this section are governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007) (state statute of limitations applies to § 1983 actions); *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001) (state statute of limitations applies to § 1985 claims). Kentucky has a one-year statute of limitations for personal injury actions. KRS 413.140(1)(a); *Million v. Raymer*, 139 S.W.3d 914, 919 (Ky. 2004). Thus, § 1983 claims arising in Kentucky are subject to the one-year limitations period under KRS 413.140(1)(a). *Id.*; *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

4

and the grounds upon which it rests." Importantly, the *Moore* court also adopted a course of proceedings test for when the complaint is ambiguous regarding capacity. *Moore*, 272 F.3d at 773. The course of proceedings test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Moore*, 272 F.3d at 772 n.1. Whether subsequent pleadings put the Defendant on notice regarding the capacity in which they are sued is also considered. *Id.* Ultimately, the *Moore* court, held that although the plaintiff failed to expressly state that the defendants were sued in their individual capacities, the defendants had sufficient notice that they were sued in their individual capacities based on four factors: (1) the complaint's caption listed only the defendants' names—not their official titles, (2) the complaint referred to the defendants as "individual defendants," (3) a paragraph of the complaint stated that "[the defendants] acting for themselves and for the City," behaved with "malice…and violated the plaintiff's civil rights," and (4) the plaintiff sought compensatory and punitive damages. *Moore*, 272 F.3d at 773. The *Moore* court held further that "[e]ven assuming the complaint itself failed to provide sufficient notice, Moore's response to the [plaintiff's] motion to dismiss clarified any remaining ambiguity." *Id.*

Applying the course of proceedings test here, the Court concludes that Harris had sufficient notice that he was being sued in his individual capacity. Ms. Penman's original Complaint admittedly never expressly states that Harris is sued in his individual capacity. However, just like the complaint at issue in *Moore*, the Complaint's caption lists Harris only by his name, and does not include his official title. Also, just like the *Moore* complaint, Ms. Penman's Complaint seeks punitive and compensatory damages. Finally, just as Moore's response clarified any remaining

5

ambiguity, the Court finds that Ms. Penman's Amended Complaint and Response to the instant Motion to Dismiss clarify any remaining ambiguity here. See also, *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (reversing the dismissal of a plaintiff's § 1983 claims because the plaintiff's response to the defendants' motion for summary judgment provided sufficient notice that the defendants were sued in their individual capacities). Moreover, Ms. Penman brought state law claims for negligence and intentional infliction of emotional distress against Harris. Thus, taking instruction from *Moore*, this Court is satisfied that Harris had sufficient notice from the original Complaint that he was being sued in his individual capacity.

B. The Amended Complaint Relates Back to the Initial Complaint Under Federal Rules of Civil Procedure 15(c)(1)(B) and 15(c)(1)(C).

In addition to finding that Ms. Penman's initial Complaint provided Harris with sufficient notice that he was being sued in his individual capacity, the Court finds that her Amended Complaint relates back to the date of her initial Complaint under Rules 15(c)(1)(B) and 15(c)(1)(C). In pertinent part Rule 15(c) states:

(1) An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; *or*

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c) (emphases added). As explained by the Sixth Circuit in *Brown v. Shaner*, 172 F.3d 927 (6th Cir. 1999), the conjunctions connecting Rule 15(c)'s three parts is or—not and. "The rule is based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading." The *Shaner* court indicated, without deciding, that naming a defendant in their individual capacity in an amended complaint, when they have already been named in the original complaint, does not necessarily constitute a change in parties, thus requiring compliance with subsection (1)(C). ("While we do not necessarily agree with the district court that identifying the defendants in their 'individual' capacities in the amended complaint constitutes a change in parties, we need not decide that issue in this case . . ."). Thus, it seems the *Shaner* court invites the conclusion that when a defendant is named in their individual capacity for the first time in the amended complaint, but has otherwise been named in the initial complaint, the amended complaint may relate back to the date of the initial complaint by complying with subsection (1)(B)'s less stringent requirements. The Court finds the Sixth Circuit's reasoning in *Shaner* to be persuasive. It aligns with Rule 15's plain language and larger purpose.

Harris relies on *Lovelace v. O'hara*, 985 F.2d 847 (6th Cir. 1993) for the proposition that Ms. Penman's Amended Complaint does not relate back to the date of her initial Complaint. However, as pointed out by *Shaner* court, the *Lovelace* court "only considered the relation back question only under Rule 15(c)[(1)(C)], not under subsection (c)[(1)(B)] as providing an independent basis for applying the relation back doctrine." *Shaner*, 172 F.3d at 933. Instead it "seems to have assumed without comment that (c)[(1)(B)] was inapplicable in this case as a basis

7

for relation back." *Id.* Thus, the issue of whether subsection (c)(1)(B) provides an independent basis for relation back remains open. *Id.* ("The Court's silence regarding the availability of (c)[(1)(B)] leaves open for this Court to decide whether (c)[(1)(B)] affords an independent basis for relation back."). This Court is convinced that Rule 15(c)(1)(B) does provide an independent basis for relation back.

Here, the amendment indisputably asserts a claim arising from the conduct set out—or attempted to be set out—in the original Complaint, as required by Rule15(c)(1)(B). Thus, Ms. Penman's individual capacity claims against Harris set out in her Amended Complaint relate back to the date of her initial Complaint.

Even when the Court considers the relation back issue under Rule 15(c)(1)(C), Harris's reliance on *Lovelace* is misguided. In *Lovelace*, the plaintiff's complaint unequivocally stated that the defendant acted "not as an individual" but "clearly within the expressed and applied powers of his official capacity." *Lovelace*, 985 F.2d at 850-51. As such, the court concluded that the Defendant had no reason to believe that he would be held personally liable or that his personal assets were at stake. *Id.* He had been prejudiced in his defense, and, consequently, Rule15(c)(1)(C) was inapplicable. *Id.*

Here, on the other hand, Ms. Penman's Complaint makes no such unequivocal statement. Rather, at worst, it remains ambiguous regarding capacity. As already discussed, while failing to *expressly* state that Harris was sued in his individual capacity, the Complaint provided Harris with sufficient notice so as for him to believe that he could have been held liable in his individual capacity. Moreover, any ambiguity was clarified by Ms. Penman's Amended Complaint. Therefore, Harris has not been prejudiced in maintaining a defense on the merits and should have known that the action would have been brought against him but for a mistake in failing to expressly

8

state the capacity in which he was sued. Thus, Ms. Penman's Complaint also relates back to her original under Rule 15(c)(1)(C).

CONCLUSION

For the foregoing reasons, is ordered as follows:

    The Defendant Robert Harris's Motion to Dismiss (R. 47) is HEREBY DENIED.

    Plaintiff's individual claims are deemed to relate back to the date of her original Complaint and therefore, remain within the statute of limitations applicable to § 1983. The claims shall proceed.

    **IT IS SO ORDERED.**

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 26, 2018

cc:    Counsel of Record