UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:18-CV-00058-TBR-LLK

ALICE PENMAN                                                                                                          PLAINTIFF

v.

CORRECT CARE SOLUTIONS, LLC,
*et al.*                                                                                                              DEFENDANTS

**OPINION & ORDER**

Senior Judge Thomas B. Russell referred this matter to U.S. Magistrate Judge Lanny King for ruling on all discovery motions. [DN 73].

This matter is currently before the Court on Movant Marquez Jabar Penman's ("Mr. Penman") Motion to Intervene. [DN 110]. Here, Mr. Penman seeks leave to intervene as a plaintiff to establish his alleged right of recovery and to provide notice that he is a party of interest. *Id.* Plaintiff responded in opposition. [DN 123]. The Motion to Intervene is now fully briefed and ripe for adjudication.

Judge Russell specifically referred the instant motion to Judge King for ruling.[1] [DN 117]. For the reasons set forth herein, this Court DENIES Mr. Penman's Motion to Intervene, [DN 110], and STRIKES Mr. Penman's Intervenor Complaint, [DN 121], from the record.

---

[1] The Court determines that the referral of Mr. Penman's Motion to Intervene, [DN 110], falls within the scope of 28 U.S.C. § 636(b)(1)(A). This Motion is non-dispositive and falls within the scope of the undersigned's authority because Mr. Penman does not assert an independent claim, rather he seeks recovery on Plaintiff's already-asserted wrongful death claim, and because Mr. Penman specifically stated "he does not wish, in any way, to direct the progressing litigation." [DN 110 at 670]. Further, even if Mr. Penman wanted to direct the litigation, he would not be able to do so. As discussed below, only a decedent's representative can prosecute a Kentucky wrongful death claim. KRS 411.130(a). Mr. Penman is not that representative. Therefore, his position is not substantially altered by the Court's ruling on this Motion. Whether the Court grants or denies the Motion, Mr. Penman remains an observer to the litigation. For those reasons, the Court determines that Mr. Penman's Motion to Intervene is non-dispositive and within the scope of the undersigned's authority.

**BACKGROUND**

This matter arises from a series of incidents in which Plaintiff alleges, *inter alia,* that Decedent Marcus Penman (the "Decedent") was seriously mistreated and improperly cared for while an inmate at the Kentucky Statement Penitentiary ("KSP"), which led to his death on April 25, 2017. [DN 1].

As a result of those incidents, Plaintiff Alice Penman, as the Administrator of Marcus Penman's Estate, filed her present Complaint on April 23, 2018. *Id.* at 5. In her Complaint, Plaintiff asserts seven different claims, including: (1) excessive use of force; (2) deliberate indifference to a serious medical and/or mental health need; (3) failure to intervene and failure to protect; (4) supervisory liability; (5) municipal liability; (6) negligence/wrongful death; and (7) intentional infliction of emotional distress/outrage. *Id.*

On April 23, 2020, two years after Plaintiff filed her Complaint, Mr. Penman filed the instant motion moving to intervene as a matter of right. [DN 110]. Mr. Penman claims that he is the Decedent's son and Plaintiff's stepson. *Id.* Despite this relationship, Mr. Penman claims that Plaintiff never informed him of this lawsuit and that he only recently learned of it through his mother, Catherine Catlett. *Id.* Mr. Penman asserts that Plaintiff cannot adequately represent his interests in this litigation; therefore, Mr. Penman seeks to intervene, not to direct the litigation, but to establish his right of recovery and to provide notice that he is a party of interest. *Id.*

After the time for responsive briefing passed without an objection asserted by any party, this Court reviewed the instant motion and determined that it did not comply with the procedural requirements of Federal Rule of Civil Procedure 24. [DN 119]. Rule 24 requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention

is sought." *Id.* (quoting Fed. R. Civ. P. 24(c)). Mr. Penman's Motion to Intervene did not have any such pleading attached and was, therefore, deficient. *Id.*

The Court noted this deficiency in its July 15, 2020, Order; however, in an effort to rule on the motion's merits rather than deny it on procedural grounds, the Court provided Mr. Penman an opportunity to cure. *Id.* Mr. Penman was required to do so within 14 days of the entry of that Order. *Id.* Plaintiff was then required to respond to the Motion to Intervene, and Defendant was permitted to file a response, if necessary. *Id.*

Since the entry of the July 15, 2020, Order, Mr. Penman filed his Intervenor Complaint, [DN 121][2], and Plaintiff responded in opposition to the Motion to Intervene, [DN 123]. Mr. Penman's Motion to Intervene is now fully briefed and ripe for adjudication.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 24(a) permits certain parties to intervene as a matter of right. It provides:

> On timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)

The Sixth Circuit has provided four factors that a proposed intervenor must satisfy if its intervention is to be permitted under Rule 24(a). The "intervening party must establish that: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the

---

[2] The Court notes that Mr. Penman did not strictly comply with this Court's July 15, 2020, Order requiring him to cure his deficient Motion to Intervene by attaching a pleading to it that sets out his claim(s) for which he sought intervention. [DN 119]. Instead of supplementing his Motion to Intervene with a proposed pleading, Mr. Penman filed his Intervenor Complaint in the Record, as if the Court had already permitted his intervention and granted him leave to file such a complaint. As the Court denies the Motion to Intervene, Mr. Penman's Intervenor Complaint shall be stricken from the Court's Record.

subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

While "Rule 24 should be 'broadly construed in favor of potential intervenors,'" *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)), the burden is on the proposed intervenor to establish that all four requirements are met. "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Michigan*, 424 F.3d at 443 (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

## **DISCUSSION**

Mr. Penman must meet all four requirements to be entitled to intervention as of right under Rule 24(a).[3] The Court shall address each in turn.

### A. **Timeliness**

When evaluating a Rule 24 motion to intervene, the Supreme Court has stated "that 'the court where the action is pending must *first* be satisfied as to timeliness'…" *Kirsch v. Dean*, F. App'x 268, 274-75 (6th Cir. 2018) (quoting *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (quoting *NAACP v. New York*, 413 U.S. 345, 365 (1973))).

Here, with regard to timeliness, Mr. Penman, asserts that he only recently learned of this litigation through his mother, Catherine Catlett. [DN 110 at 669]. Further, Mr. Penman argues that timeliness would not be at issue because he "does not wish, in any way, to direct the

---

[3] The Court notes that Mr. Penman has not made any assertion in his Motion to Intervene that he is requesting, or is otherwise entitled to, permissive intervention under Rule 24(b). As permissive intervention was not requested, the Court declines to analyze whether it would have been appropriate in this instance.

4

progressing litigation…[h]e only desires that his legal interest in any recovery be known." *Id.* at 670. Plaintiff, however, contends that the Motion to Intervene is untimely. Plaintiff's sole basis for this contention appears to be the length of time between the filing of her complaint and the filing of Mr. Penman's Motion to Intervene.  [DN 123 at 723].

In analyzing timeliness, the Court does not merely look at "the absolute measure of time between the filing of the complaint and the motion to intervene;" in fact, the Sixth Circuit has stated that is one of the least important factors in evaluating timeliness. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) (citing with approval *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Instead, the Court must consider the "totality of the circumstances." *Stupak-Thrall*, 226 F.3d at 475. The Sixth Circuit has provided five factors to evaluate when considering the totality of the circumstances:

> (1) The point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Kirsch*, 733 F. App'x 274-75 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

Upon review of all five factors, the Court finds that Mr. Penman's Motion to Intervene is timely. While the Court recognizes that this matter is currently nearing the fact discovery deadline[4], the purpose of Mr. Penman's proposed intervention negates that consideration for

---

[4] Defendants James Corley, Jason Denny, Robert Harris, Michael lamb, Steven E. Sargent, and Steven H. Sargent recently filed a Motion to Amend Scheduling Order, which requests that the November 1, 2020, fact discovery deadline and all subsequent deadlines be extended by 150 days. [DN 125]. Should Defendants' Motion to Amend be granted, the Court notes that the first factor in the timeliness analysis would weigh in favor of a finding that the Motion to Intervene was timely filed.

5

timeliness. Mr. Penman asserts that he does not wish to direct the litigation in any way; rather, he seeks intervention to make his interest in any recovery known. [DN 110]. Given that, Mr. Penman would not have been involved in the discovery process and Mr. Penman's intervention would not impact the progress made in this case. In other words, additional discovery would not be necessitated, and the Parties would not be prejudiced, by Mr. Penman's intervention. This all weighs in favor of a finding that Mr. Penman's Motion to Intervene is timely.

The Court notes, however, that the third factor does not weigh in Mr. Penman's favor. There, the Court looks at the length of time preceding the Motion to Intervene during which Mr. Penman knew or should have known of his interest in the case. In his Motion, Mr. Penman claims he "only recently" learned of this litigation. [DN 110 at 669]. If accurate, this factor would also weigh in favor of a finding that Mr. Penman's Motion is timely. Here, however, the Court cannot effectively determine the validity of Mr. Penman's statement. Mr. Penman did not provide any support, in the form of affidavit or otherwise, to support his assertion that he only recently learned of this litigation. Further, Mr. Penman also did not describe in any detail when exactly he learned of the litigation, other than to say he "recently" learned of it. It is unclear to this Court what Mr. Penman views as being recent. Accordingly, Mr. Penman has not met his burden on this factor and it cannot weigh in favor of timeliness.

Having analyzed all five factors, the Court finds that the totality of the circumstances in this matter demonstrate that Mr. Penman's Motion to Intervene was timely filed.

### B. Substantial Legal Interest

Having met the first requirement, the Court moves on to the second requirement Mr. Penman must meet for intervention as of right. Here, Mr. Penman must demonstrate that he has a substantial legal interest in the subject matter of this case.

6

Mr. Penman argues that he has a substantial legal interest in this litigation because he is the Decedent's son and, therefore, entitled to a portion of any recovery from the Defendants on Plaintiff's wrongful death claim. [DN 110]. Plaintiff does not appear to dispute Mr. Penman's interest in Plaintiff's wrongful death claim. [DN 123]. While not disputed, the Court must still analyze whether this second requirement is met.

The "Sixth Circuit subscribes to a 'rather expansive notion of the interest sufficient to invoke intervention of right.'" *Penn-Star Ins. Co. v. Paradise, Inc.*, No. 5:14-cv-306-KKC, 2015 WL 5321521 at *1 (E.D. Ky. Sept. 11, 2015) (quoting *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (citation omitted)). In this context, the Sixth Circuit has held that the term " 'interest' is to be construed liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987). This does not mean, however, that any articulated interest will do." *Penn Star*, 2015 WL at *1 (quoting *Coal. to Defend Affirmative Action v. Granhold*, 501 F.3d 775, 780 (6th Cir. 2007)). While "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing," *Penn-Star*, 2015 WL at *1 (quoting *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005)), the proposed intervenor must still show "'a direct, significant legally protectable interest' in the subject matter of the litigation. *United States v. Detroit Int'l. Bridge Co.,* 7 F.3d 497, 501 (6th Cir. 1993),

Here, the Court finds that Mr. Penman does have a substantial interest in the subject matter of this litigation. As part of her Complaint, Plaintiff asserted a claim for wrongful death under Kentucky state law, specifically Kentucky Revised Statute ("KRS") 411.130. That statute provides that wrongful death actions "shall be prosecuted by the personal representative of the deceased." KRS 411.130(1). While the decedent's personal representative must prosecute the

7

claim, any amount recovered for wrongful death does not go to the decedent's estate; instead, it "shall be for the benefit of and go to the kindred of the deceased…" KRS 411.130(2). Kentucky's wrongful death statute then goes on to provide exactly how those proceeds are to be distributed. "If the deceased leaves a widow and children, or a husband and children, then one-half (1/2) to the widow or husband and the other one-half (1/2) to the children of the deceased." KRS 411.130(2)(b). Here, it is undisputed that Mr. Penman is the Decedent's son. Accordingly, Mr. Penman would be entitled to a portion of any recovery for Plaintiff's wrongful death claim under KRS 411.130.

Further, not only would Mr. Penman be entitled to wrongful death claim proceeds, but under Kentucky law he is also viewed as a real party in interest. Kentucky courts have held that "[t]he recovery in an action for wrongful death is not for the benefit of the estate but for the next of kind…The administrator is merely a nominal plaintiff. The real parties in interest are the beneficiaries whom he represents." *Vaughn's Adm'r v. Louisville & N.R. Co.*, 179 S.W.2d 441, 445 (Ky. 1944).

Given that Mr. Penman, as the Decedent's son, is entitled to any proceeds recovered for Plaintiff's wrongful death claim and given that Mr. Penman is a real party in interest, the Court finds that Mr. Penman does have a substantial legal interest in the subject matter of this case. Plaintiff, therefore, has met his burden as to the second requirement for intervention as of right.

### C. **Impairment of Ability to Protect Interest in the Absence of Intervention**

The third requirement Mr. Penman must meet is that Mr. Penman must demonstrate that his ability to protect his interest in the litigation may be impaired in the absence of intervention. Here, Mr. Penman has failed to meet that burden.

To demonstrate that his ability to protect his interest in the litigation may be impaired in the absence of intervention, Mr. Penman "must show only that impairment of [his] substantial legal interest is possible if intervention is denied. This burden is minimal." *Altenhofen v. Southern Star Central Gas Pipeline, Inc.*, No. 4:20-cv-00030-JHM, 2020 WL 3547947, at *5 (W.D. Ky. June 30, 2020) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997) (internal quotations omitted)). Mr. Penman "need not show that substantial impairment of [his] interest will result, nor from the language of Rule 24(a), that impairment will inevitably ensure from an unfavorable disposition." *Truesdell v. Meier*, No. 3:19-cv-00066-GFVT, 2020 WL 1991402, at *4 (E.D. Ky. Apr. 27, 2020) (quoting *Purnell*, 925 F.2d at 948).

Here, Mr. Penman claims he meets this third requirement because "[h]e is not adequately represented by plaintiff Alice Penman, who has failed to acknowledge his existence, which would impair or impede his just right to recovery." [DN 110 at 670]. Mr. Penman asserts no other basis for meeting his burden on this third requirement. *Id.* Plaintiff responds by stating that she does acknowledge Mr. Penman's existence and, in fact, does not dispute that Mr. Penman is the Decedent's son. [DN 123 at 723]. Since Plaintiff does acknowledge Mr. Penman's existence and even his relationship to the Decedent, the sole basis upon which Plaintiff attempts to meet this third requirement fails.

Even if Mr. Penman had asserted other bases for meeting this third requirement, it is unclear how Mr. Penman's ability to protect his interest would, in any way, be impaired by not being permitted to intervene. Mr. Penman stated in his Motion to Intervene that "he does not wish, in any way, to direct the progressing litigation." [DN 110 at 670]. Even if he wanted to, Mr. Penman would not be able to direct the litigation. Kentucky's wrongful death statute only permits the Decedent's personal representative, Plaintiff, to prosecute the wrongful death claim. KRS

9

411.130(a). Given that Mr. Penman will not and cannot direct this litigation, whether he can intervene in this matter does not affect Mr. Penman's ability to protect his interest.

In fact, Mr. Penman has avenues through which he can protect his interest in Plaintiff's wrongful death claims without intervention in this matter. In *Boggess v. Price,* 2005 WL 1385943 (6th Cir. June 10, 2005), the Sixth Circuit addressed a similar issue related to wrongful death claim beneficiaries' potential intervention. There, the Sixth Circuit noted that "the proposed intervenors 'may be able to intervene in the probate court's distribution of the proceeds recovered in district court. Alternatively, [they] could successfully sue the administrat[rix] for breach of fiduciary duty if [she] had already distributed the proceeds.'" *Boggess*, 2005 WL 1385943, at *5 (quoting *Purnell*, 925 F.2d at 949). Further, "the proposed intervenors need not take part in the current litigation to preserve their potential right to distribution of those damages. If necessary, they may instead fight for their share of the total damages when and where those damages are distributed." *Id.* at *5 (citing with approval *Jones v. Prince George's County*, 348 F.3d 1014, 1019 (D.C. Cir. 2003)). This further demonstrates that Mr. Penman's ability to protect his interest would not be impaired in the absence of intervention.

Given all this, the Court finds that Mr. Penman has failed to meet his burden of establishing that his ability to protect his interest in the litigation may be impaired in the absence of intervention. Since Mr. Penman has failed to meet one of the four requirements necessary for intervention as of right, his Motion to Intervene must be denied.

### D. Inadequate Representation

While the Court has determined that Mr. Penman failed to meet the third requirement for intervention as of right, assuming *arguendo* that the third requirement was met, the Court shall

proceed to the fourth and final requirement, finding that Mr. Penman failed to meet his burden of demonstrating that existing parties adequately may not adequately represent his interests.

In analyzing the fourth requirement, the Court must ask whether the other parties "before the Court may not adequately represent the proposed intervenor's interest." *Michigan*, 424 F.3d at 443. To meet this burden, the proposed intervenor is "'not required to show that the representative will in fact be inadequate,' but that there is a *potential* for inadequate representation." *Truesdell*, 2020 WL 1991402, at *4 (quoting *Miller*, 103 F.3d at 1247) (emphasis added). There is, however, a presumption of adequate representation that a proposed intervenor must overcome when that proposed intervenor "share[s] the same ultimate objective as a party to the suit." *Michigan*, 424 F.3d at 443-444. Factors to consider in determining whether there is adequate representation include: "(1) if there is collusion between the representative and an opposing party; (2) if the representative fails in the fulfillment of his duty; and (3) if the representative has an interest adverse to the proposed intervenor." *In re Air Crash at Lexington, Kentucky*, No. 5:06-cv-316-KSF, 2007 WL 580858, at *8 (E.D. Ky. Feb. 20, 2007) (quoting *Purnell*, 926 F.2d at 949-950 (internal quotation omitted)).

Here, both Plaintiff, as the sole party entitled to prosecute the wrongful death claim, and Mr. Penman, as a beneficiary of any recovery on the wrongful death claim, have the same ultimate objective, which is to succeed on Plaintiff's wrongful death claim. Since Mr. Penman has the same ultimate objective as a party to the suit, Mr. Penman must overcome a presumption that Plaintiff adequately represents his interest in this litigation.

Mr. Penman, however, is unable to overcome the presumption that Plaintiff adequately represents his interest. In his Motion to Intervene, Mr. Penman conclusively states that "[h]e cannot be fully represented or protected by plaintiff Alice Penman (his step-mother)," but fails to

explain why. [DN 110 at 668]. While Mr. Penman's Motion states his belief that Plaintiff "had no intention of notifying the Court of [Mr. Penman's] existence" and that Plaintiff had "failed to acknowledge his existence," Mr. Penman provided no further detail or support for those claims. As noted earlier, Plaintiff's Response does acknowledge Mr. Penman's existence and does not dispute that Mr. Penman is the Decedent's son. [DN 123 at 723]. Mr. Penman's unsupported and disputed conclusions of inadequate representation are insufficient for this Court to find that Mr. Penman has overcome the presumption of adequate representation.

That Mr. Penman cannot overcome this presumption is further supported by evaluating the three factors that may be considered in evaluating adequate representation. First, Mr. Penman has made no allegation that Plaintiff is colluding with any other party to this litigation. Second, Mr. Penman has not alleged that Plaintiff failed in the fulfillment of her duty. While he alleges that Plaintiff neither acknowledged nor intended to notify the Court of his existence, Mr. Penman has not asserted that this rises to some breach of duty, or that Plaintiff even had such a duty. In fact, Mr. Penman does not even allege in his Motion to Intervene that Plaintiff was aware of his existence prior to this instant Motion. Third and finally, Mr. Penman has neither alleged nor provided any support to evidence that Plaintiff may have interest adverse to his own interest. All three factors demonstrate that Mr. Penman has failed to meet his burden in establishing that the existing parties do not adequately represent his interest.

As Mr. Penman has now failed to meet both the third and fourth requirements for intervention as of right, his Motion to Intervene must be denied.

## CONCLUSION

For the foregoing reasons, Movant Marquez Jabar Penman's Motion to Intervene, [DN 110], is **DENIED** and his Intervenor Complaint, [DN 121], shall be **STRICKEN** from the record.

**IT IS SO ORDERED.**

October 27, 2020

*[signature]*

**Lanny King, Magistrate Judge**
**United States District Court**

c:      Counsel of Record