IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| ALICE PENMAN, Administrator of Estate of Marcus Penman, Deceased, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) Case No. 5:18-cv-00058 (TBR) ) |
| CORRECT CARE SOLUTIONS, LLC, et al., | ) ) ) |
| *Defendant.* | ) |

**MEMORANDUM OPINION AND ORDER**

**I.     MOTIONS FOR LEAVE TO SEAL**

Defendants James Corley, Jason Denny, Robert Harris, Michael Lamb, Steven E. Sargent, and Steven H. Sargent move to file three exhibits under seal. *See* First Mot. to Seal, Dkt. 183. Those exhibits are (1): Marcus Penman's Kentucky Department of Corrections ("KDOC") Medical Records; (2) KDOC Polices and Procedures ("CPP") 9.1 Use of Force and Mechanical Restraints; and (3) KDOC CPP 9.17 Cell Entry. *See id.* Defendant Josh Patton also moves to file Marcus Penman's KDOC Medical Records under seal. *See* Second Mot. to Seal, Dkt. 188. Defendants Randy White, Cookie Crews, and Deborah Coleman also move to file Marcus Penman's KDOC Medical records under seal. *See* Third Mot. to Seal, Dkt. 192.

Courts in the Sixth Circuit have long recognized "a 'strong presumption in favor of openness' as to court records," and the "burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). The party seeking to seal records bears the burden of overcoming that strong presumption. *See id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)).

1

Therefore, the proponent of sealing must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)).

The Court first addresses the requests to seal Marcus Penman's KDOC Medical Records. Each of the Defendants argues in some way that sealing these records is necessary because they contain healthcare and/or mental care information, much of which is not related to this action. *See* First Mot. to Seal; *see also* Second Mot. to Seal; Third Mot. to Seal. Each of the requests also cites privacy concerns and the requirements of the Health Information Portability and Accountability Act (HIPAA). *See ibid.* The Court finds that neither of Defendants' arguments justify sealing the presumptively public court records at issue here. When faced with similar motions to seal medical records, district courts in this circuit have used two reasons to deny the motions. *See, e.g.*, *Mitchell v. Tennessee*, No. 3:17-CV-00973, 2020 WL 6712169, at *2 (M.D. Tenn. Nov. 16, 2020). First, Defendants here have not analyzed in detail, document by document, why these documents should be sealed. *See* Mot. to Seal at 1. Nor have they provided legal citations. *See id.* Their requests therefore do not meet the requirements set out by the Sixth Circuit. *See Shane Grp., Inc.*, 825 F.3d at 305–06. Second, the Plaintiff has placed Marcus Penman's medical condition at issue in this case by filing a lawsuit against Defendants for constitutional violations related to his medical condition. *See* Compl., Dkt. 1. Courts in this circuit recognize that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91-DJH, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018); *see also Kitchen v. Corizon Health, Inc.*, No. 1:16-cv-190, 2017 WL 5197115, at *2 n.3 (W.D. Mich. Nov. 10, 2017) ("Prisoners claiming deliberate indifference to serious medical

needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA."); *Mathews v. Guardian Life Ins. Co. of Am.*, No. 1:98-CV-00106, 2014 WL 1681693, at *1 (N.D. Ohio Apr. 28, 2014) (denying motion to seal and finding that plaintiff "waived any right to confidentiality of her medical records when she made her medical condition and diagnoses at issue").

Defendants James Corley, Jason Denny, Robert Harris, Michael Lamb, Steven E. Sargent, and Steven H. Sargent also argue that KDOC CPP 9.1 Use of Force and Mechanical Restraints and KDOC CPP 9.17 Cell Entry must be sealed because they are "secured polic[ies]." *See* First Mot. to Seal at 1–2. However, this request does not explain how disclosing either of these policies would harm the KDOC or its law enforcement officers. *See id.* The motion offers no specific reasons, facts, or circumstances as to why making these policies public would result in any serious harm. *See id.* What's more, the motion provides no legal authority to support this position. In fact, other district courts in this circuit have denied motions to seal similar use of force policies. *See Hermiz v. Budzynowski*, No. 16-11214, 2017 WL 1245079 (E.D. Mich. Apr. 5, 2017) (denying motion to seal use of force policy in a case where the principal issue was whether the defendant officers used unconstitutionally excessive force against the plaintiff). Furthermore, the Court acknowledges that these records are of importance to the public, who has an interest in the activities of law enforcement, use of force policies, and cell entry policies. The motion before the Court does not address this public interest, nor does it take the time to specify the reasons that outweigh this interest.

The Sixth Circuit has made it clear to district courts that any interest justifying nondisclosure "[must] be articulated along with findings specific enough that a reviewing court

can determine whether the closure order was properly entered." *United States v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) (quoting *Press-Enterprise Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 509-11 (1984)).  And simply put: the Court cannot articulate any such reasoning because Defendants James Corley, Jason Denny, Robert Harris, Michael Lamb, Steven E. Sargent, and Steven H. Sargent have not met their burden of analyzing in detail, document by document, why these policies need to be under seal.  *See Shane Grp., Inc.*, 825 F.3d at 305–06.

## II.     MOTION TO EXCEED

Defendants James Corley, Jason Denny, Robert Harris, Michael Lamb, Steven E. Sargent, and Steven H. Sargent request that the Court permit them to exceed the page limit set out in Joint Local Civil Rule 7.1(d).  *See* First Mot. for Summ. J., Dkt. 181, at 1.  Defendant Josh Patton also requests leave to exceed the page limitation.  *See* Second Mot. for Summ. J., Dkt. 186, at 1.  Defendants Randy White, Deborah Coleman, and Cookie Crews also request leave to exceed the page limitation.  *See* Third Mot. for Summ. J., Dkt. 191, at 1.  According to these motions, exceeding the page limitation is necessary because of the number of claims and the voluminous record.  *See* First Mot. for Summ. J., Second Mot. for Summ. J., Third Mot. for Summ. J.  These requests are reasonable, and as such, the Court will grant each request.  *See Popeck v. Rawlings Co.* LLC, No. 3:16-CV-00138-GNS-DW, 2018 WL 2074198, at *22 (W.D. Ky. May 3, 2018), *aff'd*, 791 F. App'x 535 (6th Cir. 2019) (granting permission to exceed the page limitations of LR 7.1 "[b]ecause th[e] requests [were] reasonable").

For those same reasons, Plaintiff may also exceed the limitations, if necessary.

## III.    MOTION TO BIFURCATE

Defendant Bruce Bauer has filed a Motion to Bifurcate.  *See* Mot. to Bifurcate, Dkt. 167.  A telephonic conference was held on January 13, 2022, to discuss this matter further.  At that

conference, the parties stated that the claims related to the Mot. to Bifurcate have been settled, and as such, the Mot. to Bifurcate is now moot. *See* Order, Dkt. 198. Hence, the Court will deny the Mot. to Bifurcate as moot.

## IV. MOTION FOR SANCTIONS

Plaintiff has filed a Motion for Sanctions against Defendant Correct Care Solutions, LLC. *See* Mot. for Sanctions, Dkt. 172. A telephonic conference was held on January 13, 2022, to discuss this matter further. At that conference, the parties stated that the claims related to the Mot. for Sanctions have been settled, and as such, the Mot. for Sanctions is now moot. *See* Order, Dkt. 198. Hence, the Court will deny the Mot. for Sanctions as moot.

## V. CONCLUSION

Accordingly, it is **ORDERED** that the First Mot. to Seal, Dkt. 183, is **DENIED**, the Second Mot. to Seal, Dkt. 188, is **DENIED**, and the Third Mot. to Seal, Dkt. 192, is **DENIED**.

It is further **ORDERED** that the First Mot. for Summ. J., Dkt. 181, is **GRANTED**, only to the extent that it **requests leave to exceed the page limitation**; the Second Mot. for Summ. J., Dkt. 186, is **GRANTED**, only to the extent that it **requests leave to exceed the page limitation**; the Third Mot. for Summ. J., Dkt. 191, is **GRANTED**, only to the extent that it **requests leave to exceed the page limitation**.

It is further **ORDERED** that the Mot. to Bifurcate, Dkt. 167, is **DENIED AS MOOT**.

It is further **ORDERED** that the Mot. for Sanctions, Dkt. 172, is **DENIED AS MOOT**.

**IT IS SO ORDERED**

Thomas B. Russell, Senior Judge
United States District Court

January 26, 2022

5