## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## PADUCAH

| | | |
|---|---|---|
| ALICE PENMAN, Administrator of Estate of Marcus Penman, Deceased, | ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 5:18-cv-00058 (TBR) |
| v. | ) ) | |
| CORRECT CARE SOLUTIONS, LLC, et al., | ) ) | |
| *Defendant.* | ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendants'—Randy White, Cookie Crews, Josh Patton, Deborah Coleman, James Corley, Jason Denny, Robert Harris, Michael Lamb, Steven E. Sargent, and Steven H. Sargent—motion in limine regarding other inmate deaths and incidents, DN 226.  Plaintiff has responded, DN 232.

Also before the Court is Defendants'—Randy White, Cookie Crews, Josh Patton, Deborah Coleman, James Corley, Jason Denny, Robert Harris, Michael Lamb, Steven E. Sargent, and Steven H. Sargent—various motions in limine, DN 227.  Plaintiff has responded, DN 230.

Also before the Court is Defendant Kerwyn Walston's motions in limine, DN 228.  Plaintiff has responded, DN 233.

For the reasons that follow, **DN 226** is **GRANTED**, **DN 227** is **GRANTED IN PART AND DENIED IN PART**, and **DN 228 GRANTED IN PART AND DENIED IN PART**.

### I.      FACTUAL BACKGROUND

A detailed recitation of the facts can be found in the Court's contemporaneously filed opinion ruling on Defendants' motions for summary judgment.  *See* Summ. J.  The facts

1

therefore do not need to be repeated in detail here.  The gist of the matter, however, is that

Marcus Penman, an inmate at the Kentucky State Penitentiary (KSP), died while officers tried to

restrain him.  *See* Amended Complaint (Am. Compl.), Dkt. 79.  Penman's widow has now filed

this lawsuit.  *See id.*

## II.    MOTION IN LIMINE REGARDING OTHER INMATE DEATHS BY DEFENDANTS WHITE, CREWS, PATTON, COLEMAN, CORLEY, DENNY, HARRIS, LAMB, S.E. SARGENT, AND S.H. SARGENT [DN 226]

Defendants seek to prohibit Plaintiff from introducing or attempting to introduce

evidence or testimony of the incidents involving the death of any inmate who is not Marcus

Penman.  *See* DN 226 at 1–2.  Here, Defendants argue that the other incidents are irrelevant and

that their probative worth is substantially outweighed by a danger of unfair prejudice, confusion

of the issues, undue delay, and wasted time.  *See id.*  Plaintiff responds that Defendants'

argument fails to account for the supervisory liability claims against White, Crews, and

Coleman.  *See* DN 232 at 1–3.

As Plaintiff notes, evidence of the other inmates' deaths is only relevant to the

supervisory liability claims against Defendants White, Crews, and Coleman.  *See id.*; *see also*

Summ. J.  Those supervisory liability claims have been dismissed.  *See* Summ. J.  As such,

Plaintiff is prohibited from referencing the death of any inmate other than Penman.

## III.   VARIOUS MOTIONS IN LIMINE BY DEFENDANTS WHITE, CREWS, PATTON, COLEMAN, CORLEY, DENNY, HARRIS, LAMB, S.E. SARGENT, AND S.H. SARGENT [DN 227]

### A. *Exclude References to Other Litigation*

Defendants seek to prohibit any references to other actions or litigation to which any

party has been involved.  *See* DN 227 at 1.  Here, Defendants argue that the other litigation does

not show that any fact at issue in this case is more or less probable, and that the references would

2

be more prejudicial than probative of the issues involved in this case.  *See id.*  Plaintiff responds that the references to other litigation are necessary to support the supervisory liability claims against Defendants White, Crews, and Coleman.  *See* DN 230 at 1.  However, because those supervisory liability claims against those three defendants have been dismissed, *see* Summ. J., the references to other litigation are no longer relevant to the instant case.  Accordingly, the motion in limine is **GRANTED**.

    B.  ***Exclude Video of Deposition Testimony During Opening Statement***

       Defendants seek to bar "[v]ideo 'snippets' of deposition testimony . . . from opening statements because" (1) "the substantial risk that the jury could be exposed to statements that are not subsequently admitted into evidence at trial" and (2) the jury "cannot put the snippets into the proper context."  DN 227 at 1–2.  Plaintiff states that she will only play video exhibits that will be admitted into evidence.  *See* DN 230 at 3.  Plaintiff is correct that she is free to show any video snippets that will later be admitted into evidence.  Although Defendants fear that a video will be taken out of context, they will have ample opportunity during trial to explain to the jury any context they feel is necessary.  Therefore, the motion in limine is **DENIED**.

    C.  ***Exclude Any Videos During Closing Statement***

       Defendants seek to prohibit Plaintiff "from using any video 'snippets' in her closing argument without first presenting the snippets to the Court and these Defendants before . . . review and a hearing on the matter."  DN 227 at 2.  Plaintiff states that she will only play video exhibits that will have been admitted into evidence.  *See* DN 230 at 3.  Plaintiff is correct that she is free to show any videos that will have been admitted into evidence.  Accordingly, the motion in limine is **DENIED**.

D.  ***Exclude References to Discovery or Other Pre-Trial Disputes***

Defendants seek to exclude any mention of discovery disputes or other pre-trial disputes because they are irrelevant to the issues in this case.  *See* DN 227 at 2–3.  Plaintiff states that she has no intention of referencing discovery or other pretrial disputes, or requests made by Defendants to exclude certain evidence from trial.  *See* DN 230 at 3.  Therefore, the motion in limine is **DENIED AS MOOT**.

E.  ***Exclude Statements That This Lawsuit Is "Only About Compensating the Plaintiff" or "Will Not Affect Defendants"***

Defendants seek to exclude any statements that this lawsuit is "[o]nly about compensating the Plaintiff" or "[w]ill not affect [Defendants]."  DN 227 at 3.  Such statements, according to Defendants, would be prejudicial and factually false.  *See id.*  Plaintiff states that she has no intention of stating that the lawsuit "will not affect Defendants."  *See* DN 230 at 3. Therefore, the motion in limine is **DENIED AS MOOT**.

F.  ***Exclude Any Reference Asking the Jury to "Send a Message"***

Defendants seek to prohibit Plaintiff from suggesting to jurors that "they 'send a message' to Defendants or should be the 'conscience of the community' with regard to matters at issue in this case."  DN 227 at 3.  Such statements, according to Defendants, would be prejudicial because they urge the jury to render a verdict based on passion and prejudice.  *See id.* at 3–4.  " 'Send a message' or conscience of the community arguments are disfavored in the Sixth Circuit."  *Brooks v. Caterpillar Glob. Mining Am.*, LLC, No. 4:14CV-00022-JHM, 2017 WL 3401476, at *8 (W.D. Ky. Aug. 8, 2017); *see also Strickland v. Owens Corning*, 142 F.3d 353, 358-359 (6th Cir. 1998) (Such arguments " 'can have no appeal other than to prejudice' " and amount to an " 'improper distraction from the jury's sworn duty to reach a fair, honest and just verdict.' ") (quoting *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1238 (5th

4

Cir. 1985); *Calaway ex rel. Calaway v. Schucker*, 2013 WL 311441, at *3 (W.D. Tenn. Jan. 25, 2013). Accordingly, the motion in limine is **GRANTED**. Counsel is precluded form requesting that the jury "send a message" or act as the "conscience of the community." As to punitive damages, a jury may only award punitive damages if they believe that a defendant's conduct involved a reckless indifference or disregard for Plaintiff's constitutional rights, life, or safety. Punitive damages are awarded against a defendant for the purpose of punishing the defendant for misconduct and deterring him and others from engaging in similar conduct.

G. *Exclude Any Reference Concerning Ethical or Moral Obligations*

Defendants seek to exclude any references to ethical or moral obligations on the part of Defendants. *See* DN 227 at 4. Here, Defendants argue that such testimony would Such statements, according to Defendants, would be prejudicial and factually false. *See id.* Plaintiff opposes this motion. *See* DN 230 at 4. Any opinion about the Defendants' ethical and moral obligations is irrelevant and inadmissible. *Davis v. Duran*, 277 F.R.D. 362, 373 (N.D. Ill. 2011). Plaintiff's "subjective notions of morality have no role to play in this or any other case. Conceptions about ethics and morality . . . play [no role] in the actual trial of a § 1983 case, which is governed by specific legal principles as defined by the court in its jury instructions." *Id.* Accordingly, Defendants' motion in limine is **GRANTED**.

H. *Exclude Any Reference Referring to Marcus Penman as a "Victim"*

Defendants seek to prohibit Plaintiff from referring to Marcus Penman as a "victim." *See* DN 227 at 4. Such terminology, Defendants argue, would improperly affect the jurors' impartiality. *See id.* Plaintiff opposes this motion. *See* DN 230 at 5. "[T]he term 'victim'— when afforded its plain meaning—does not necessarily imply criminal wrongdoing." *Brooks v. Caterpillar Glob. Mining Am.*, LLC, No. 4:14CV-00022-JHM, 2017 WL 3401476, at *10 (W.D.

5

Ky. Aug. 8, 2017) (quoting *Riley v. Ford Motor Co.*, 2011 WL 3273592, *2 (S.D. Miss. July 29, 2011)).  Indeed, Plaintiff can claim that Penman was a victim of Defendants' negligence/misconduct, and Plaintiff's counsel should be free to present Plaintiff's case in that light.  *See id.*  However, the Court does advise counsel that "it will not allow grandstanding, theatrics, and gamesmanship in the courtroom."  *Id.*  Accordingly, this motion is **DENIED**.

I.  ***Exclude Use of "Golden Rule" References***

Defendants seek to exclude "golden rule" arguments, i.e., suggestions to jurors that they put themselves in the shoes of one of the parties.  *See* DN 227 at 5.  According to Defendants, it would be impermissible and inflammatory for Plaintiff to make these suggestions.  *See id.*  Defendants are correct that "golden rule" arguments are improper because they invite decision based on bias and prejudice rather than consideration of facts.  *See, e.g.*, *Michigan First Credit Union v. Cumis Ins. Soc., Inc.*, 641 F.3d 240, 249 (6th Cir. 2011).  However, Plaintiff states that she has no intention of raising "golden rule" arguments at trial.  *See* DN 230 at 5.  Therefore, the motion in limine is **DENIED AS MOOT**.

J.  ***Exclude Evidence of Settlement Discussions***

Defendants next seek to bar any mention of settlement discussions.  *See* DN 227 at 5.  Evidence of settlement negotiation and agreement is generally inadmissible for any purpose under Rule 408 of the Federal Rules of Evidence, including proving liability for, or invalidity of, the claim or its amount.  *See Shadrick v. S. Health Partners, Inc.*, No. 4:11CV-00033-JHM, 2016 WL 4555611, at *7 (W.D. Ky. Aug. 31, 2016).  However, Plaintiff has stated that she has no intention of referring to settlement discussion at trial.  *See* DN 230 at 5.  Accordingly, this motion in limine is **DENIED AS MOOT**.

K. ***Exclude Lay Witness Testimony on Medical Issues***

Defendants seek to prohibit any lay witness from offering testimony about medical or mental health issues. *See* DN 227 at 5–6. Plaintiff responds that lay witnesses should be permitted to testify concerning Penman's obvious medical needs. *See* DN 230 at 5–6. A lay witness may testify to issues that are obvious and readily understandable by an average layperson. To the extent that Defendants seek to preclude a lay witness from testifying about such obvious medical needs, this motion in limine is **DENIED**.

L. ***Prohibit Plaintiff From Referring to Defendants Collectively as "They" or "Them"***

Defendants seek to prohibit Plaintiff from "referring to them generically as 'they' or 'them.' " DN 227 at 7. This is because, according to Defendants, they are "not fungible" and each are before they Court in their respective individual capacities. *See id.* at 6–7. Plaintiff opposes this motion. *See* DN 230.

This is the same request made by Defendants in a prior motion in limine, which the Court denied. As other district courts have held, entire prohibitions on collective references are often "overbroad and burdensome." *Joan Cravens, Inc. v. Deas Constr., Inc.*, No. 1-15-CV-385-KS-MTP, 2017 WL 217650, at *3 (S.D. Miss. Jan. 18, 2017). Indeed, the risk of unfair prejudice is greatly diminished by the fact that the jury will receive instructions that explain the claims against each specific Defendant. *See id.* Therefore, this motion in limine is **DENIED**.

M. ***Sequestration of Witnesses***

Defendants move to sequester all non-party witnesses and all former Defendants in this action pursuant to Fed. R. Evid. 615. *See* DN 227 at 7. This request is consistent with Fed. R. Evid. 615. *See Brooks v. Caterpillar Glob. Mining Am.*, LLC, No. 4:14CV-00022-JHM, 2017

WL 3401476, at *1 (W.D. Ky. Aug. 8, 2017).  However, Plaintiff does not object to this motion.
*See* DN 230 at 6.  Accordingly, the motion in limine is **DENIED AS MOOT**.

N. ***Disclosure and Identification of Witnesses***

Defendants move the Court to require each party to provide the other parties the names
and expected sequence of those witnesses that the party intends to call at trial no later than one
full business day in advance.  *See* DN 227 at 7.  Plaintiff does not object.  *See* DN 230 at 6.
Accordingly, this motion in limine is **GRANTED**.

O. ***Prohibit the Court from Recognizing Any Witness as an Expert***

Defendants next move for a prohibition on any party to request the Court to recognize
that any witness is an expert or is an expert in a particular area.  *See* DN 227 at 7.  According to
Defendants, the parties may qualify a witness as an expert through questioning, but that should
not allow a witness to be recognized as an expert by the Court.  *See id.*  Plaintiff responds that "it
is axiomatic that [she] cannot be prohibited from referring to witnesses who are qualified as
experts as 'experts.' "  DN 230 at 7.  To the extent that Defendants' motion in limine requests
that the Court will not recognize any witness as expert, the motion is granted.  However, nothing
in this decision precludes Plaintiff from referring to her expert witnesses as experts.
Accordingly, the motion in limine is **GRANTED**.

P. ***Peremptory Challenges***

Defendants next argue that each Defendant should be entitled to his or her own set of
three peremptory challenges, because each Defendant is separate from all of the other parties.
*See* DN 227 at 8.  Plaintiff opposes this motion.  *See* DN 230 at 7.  Granting Defendants' motion
would result in the Defendants having a collective twenty-seven peremptory challenges, as
compared to Plaintiff's three peremptory challenges.  Such an allocation would be inequitable.

*Cf. In re Air Crash Disaster*, 86 F.3d 498, 519 (6th Cir. 1996) (approvingly quoting a district court that concluded giving a group of defendants the "astronomical" number of twelve peremptory challenges, as opposed to plaintiff's six, would be "inequitable").  Furthermore, the Court does not believe that denying this motion in limine will result in undue prejudice.  As such, the motion in limine is **DENIED**.  The Court will address the number of peremptory strikes at the final pretrial conference.

Q. ***Exclude Any Reference to the Financial Standing of the Parties***

Finally, Defendants request that no party or witness be permitted to discuss the financial standing of the parties.  *See* DN 227 at 8.  Plaintiff responds that evidence of the Defendants' financial condition is relevant to the demand for punitive damages.  *See* DN 230 at 7 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981)).  The Court does not at this time rule on the motion, but requests further briefing from both parties, as specified herein.  Parties shall submit briefs on this motion in limine seven days from the date of this order.

**IV.     MOTIONS IN LIMINE BY DEFENDANT WALSTON [DN 228]**

A. ***Joins DN 226***

Walston joins in the motion in limine filed at DN 226.  The Court's opinion pertaining to those motions also applies to Walston.

B. ***Joins DN 227***

Walston joins in the motion in limine filed at DN 227.  The Court's opinion pertaining to those motions also applies to Walston.  Walston does, however, make additional arguments with respect to two motions in limine.

a. _Exclude Statements That This Lawsuit Is "Only About Compensating the Plaintiff"_

Here, Walston notes that (1) he is neither indemnified nor defended by the Commonwealth and (2) Walston therefore requests an order prohibiting or limiting the parties from seeking to highlight or suggest liability on the basis of the fact that Walston is represented by private counsel. *See* DN 228 at 2. "Plaintiff does not contest the[se] additional arguments." DN 233 at 1–2. Accordingly, for the same reasons that the Court denied as moot the other Defendants' request to prohibit statements that this lawsuit is "only about compensating the plaintiff," Walston's motion in limine is **DENIED AS MOOT**.

b. _Exclude Evidence of Settlement Discussions_

Here, Walston adds a request to prohibit the parties from referencing Walston's lack of participation in mediation or motion seeking relief from participating in mediation. *See* DN 228 at 2. For the same reasons that the Court denied as moot the other Defendants' request to exclude evidence of settlement discussions, Walston's motion in limine is **DENIED AS MOOT**.

C. *Requests Order Prohibiting Parties from Mentioning Press Release*

Walston requests entry of an order prohibiting the parties from seeking to introduce evidence regarding the Kentucky State Police press release and news articles regarding Marcus Penman's death. *See* DN 228 at 2–3. Here, Walston maintains that this evidence is irrelevant (because was not involved in preparing these documents), inadmissible hearsay, and more prejudicial than probative. *See id.* at 3. Plaintiff does not respond to this request. *See* DN 233. The Court will grant Walston's motion—the supervisory liability claims against White, Crews, and Coleman have been dismissed and Plaintiff has not demonstrated that Walston was involved in preparing, providing information for, or dissemination of these documents. Accordingly, the motion in limine is **GRANTED**.

10

D.  ***Requests Order Prohibiting Parties' Witnesses From Using "Conclusory" Terms***

Walston requests entry of an order prohibiting the parties and their witnesses from testifying in conclusory terms such as "negligent," complete and wanton indifference," "complete and utter recklessness," "improperly motivated," very wantonly," etc.  *See* DN 228 at 3.  Plaintiff suggests that the Court wait until trial to determine whether, in the proper context, the use of any or all of the phrases listed by Walston should be disallowed.  *See* DN 233 at 2–3.  The Court agrees with Plaintiff.  While Walston is correct that a witness may not invade the province of a jury, additional information is needed to determine whether these phrases and words do so.  The Court reserves ruling on Walston's objecitons until it has the benefit of context during trial.  Accordingly, the motion is **DENIED**.

E.  ***Requests Order Prohibiting Dr. Sobel From Offering Opinions That Were Undisclosed***

Walston requests entry of an order prohibiting Dr. Sobel from offering opinions that were undisclosed.  *See* DN 228 at 3.  Plaintiff characterizes Walston's objection as an untimely *Daubert* motion.  *See* DN 233 at 3.

Generally, experts must testify within the scope of their expert reports or discovery depositions.  "This principle is implicit in Fed. R. Civ. P. 26(a)(2)(B) and 26(e)(1), which 'require disclosures *in advance of trial* of the bases and reasons for an expert's opinions.' " *Shadrick v. S. Health Partners*, Inc., No. 4:11CV-00033-JHM, 2016 WL 4555611, at *3 (W.D. Ky. Aug. 31, 2016) (quoting *Asher v. Unarco Material Handling, Inc.*, 2008 WL 2596612, at *2 (E.D. Ky. June 25, 2008).  However, objections related to the scope of an expert's testimony are better left for trial.  *See id.*  Thus, the motion is **DENIED**.

F. ***Requests Order Prohibiting Dr. Sobel From Offering Opinions That Exceed the Scope of His Expertise***

Walston requests entry of an order prohibiting Dr. Sobel from offering opinions that exceed the scope of his expertise. *See* DN 228 at 3–5. This is the same request made in a prior motion in limine, which the Court granted. Dr. Sobel is a medical expert, not a use of force expert. As such, he may not offer expert opinions on use of force issues. Thus, this motion in limine is **GRANTED**.

G. ***Requests Order Prohibiting Dr. Sobel From Offering Opinions That Engage in Conjecture or Assigning Motive or Thoughts to Correctional Staff***

Walston requests entry of an order prohibiting Dr. Sobel from offering opinions that engage in conjecture by assigning thoughts to correctional staff. *See* DN 228 at 5. Specifically, Walston takes issue with Dr. Sobel's comment that "the correctional staff 'didn't expect [Nurse Bauer] to do any nursing assessment, and they didn't expect this man to go to the emergency department' " *Id.* at 5. Plaintiff does not respond to this argument. *See* DN 233. Permitting Dr. Sobel's testimony to include this type of conjecture would be improper. As such, the motion in limine is **GRANTED**.

H. ***Requests Order Prohibiting Dr. Sobel From Offering Opinions That Are Medical Opinions Held in Terms of Possibility Rather Than Probability***

Walston requests entry of an order prohibiting Dr. Sobel from offering opinions that are not offered in terms of reasonable medical probability. *See* DN 228 at 6. Here, Walston argues that Dr. Sobel should not be able to testify that (1) it is possible that the restraints or the placement in a restraint chair contributed to Penman's asphyxia or (2) the time when Penman died. *See* DN 228 at 6. Plaintiff does not respond to these arguments. *See* DN 233. Walston is correct that in order for a medical expert's opinion to be admissible, his opinions must express that a fact is probably true, not just possibly true. *See, e.g.*, *Johnson v. Memphis Light Gas &*

*Water Div.*, 695 F. App'x 131, 137 (6th Cir. 2017).  While the Court will not exclude any specific part of Dr. Sobel's proposed testimony at this time because it has yet to be highlighted with specificity to the case, it is true that Dr. Sobel must frame his opinion in terms of probability.  Accordingly, the motion in limine is **GRANTED**.

    I.   ***Requests Order Prohibiting Parties from Referring to Policies and Procedures***

Walston requests entry of an order prohibiting Dr. Sobel from referring to policies and procedures.  *See* DN 228 at 6.  Plaintiff responds that the KDOC and facility policies and procedures are relevant to their claims.  *See* DN 233 at 3–4.  Plaintiff is correct.  As the Sixth Circuit noted, "[a]lthough failing to follow procedures does not, by itself, rise to the level of deliberate indifference, whether an officer complied with policy can be relevant to establishing the officer's knowledge of the risk to an inmate and whether the officer disregarded that risk." *Burwell v. City of Lansing, Michigan*, 7 F.4th 456, 476 (6th Cir. 2021) (quotations and internal citation omitted).  Plaintiff is bringing a deliberate indifference claim, so the policies and procedures in question are relevant.  *See id.*  Accordingly, the motion is **DENIED**.

**V.**    **CONCLUSION**

For the above stated reasons, **IT IS HEREBY ORDERED** that **DN 226** is **GRANTED**, **DN 227** is **GRANTED IN PART AND DENIED IN PART**, and **DN 228 GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 7, 2022

13